UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| OSCAR SALVADOR HUN SAQUIJ<br>4204 4th Street<br>Baltimore, Maryland 21225<br><br>VICTOR MANUEL DE JESUS HUN SAQUIJ<br>4204 4th Street<br>Baltimore, Maryland 21225<br><br>MARIO ORLANDO HUN SAQUIJ<br>4204 4th Street<br>Baltimore, Maryland 21225<br><br>　　　*Plaintiffs*,<br><br>　　　v.<br><br>ALL SEASON PAINTING INC. d/b/a<br>ALL SEASON P&C INC.<br>8404 Ardwick Ardmore Road<br>Landover, Maryland 20785<br><br>SERVE: Alex Osbaldo Ortiz<br>　　　　3735 Warner Avenue<br>　　　　Hyattsville, Maryland 20784<br><br>ALEX OSBALDO ORTIZ<br>11609 Chantilly Lane<br>Mitchellville, Maryland 20721<br><br>MERCEDES ORTIZ<br>11609 Chantilly Lane<br>Mitchellville, Maryland 20721<br><br>　　　*Defendants*. | Civil Action No.: 20-3699 |

**COMPLAINT**

Plaintiffs, Oscar Salvador Hun Saquij ("Oscar Saquij"), Victor Manuel De Jesus Hun Saquij ("Victor Saquij"), and Mario Orlando Hun Saquij ("Mario Saquij") bring this action against

Defendants, All Season Painting Inc., ("All Season"), and its owners Alex Osbaldo Ortiz ("Mr. Ortiz") and Mercedes Ortiz ("Ms. Ortiz"), for violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427. In support, Plaintiffs state as follows:

## THE PARTIES

1. Plaintiff Oscar Saquij is an adult resident of Baltimore County, Maryland and was employed by Defendants as a laborer from in or around October 2019 to on or about October 19, 2020. At all relevant times, Oscar Saquij was an employee of Defendants, as opposed to an independent contractor, because he was economically dependent on Defendants' business and had no opportunity for profit or loss. Specifically, Defendants exercised a substantial amount of control over Oscar Saquij by telling him where to work, what work to do and how to do his work. Also, during the time he was employed by Defendants, Oscar Saquij had little or no investment in material or equipment, he worked almost exclusively for Defendants and the work he performed was an integral part of Defendants' business.

2. Plaintiff Victor Saquij is an adult resident of Baltimore County, Maryland and was employed by the Defendants as a laborer from in or around October 2019 to on or about October 19, 2020. At all relevant times, Victor Saquij was an employee of Defendants, as opposed to an independent contractor, because he was economically dependent on Defendants' business and had no opportunity for profit or loss. Specifically, Defendants exercised a substantial amount of control over Victor Saquij by telling him where to work, what work to do and how to do his work. Also, during the time he was employed by Defendants, Victor Saquij had little or no investment in material or equipment, he worked almost exclusively for Defendants and the work he performed was an integral part of Defendants' business.

3. Plaintiff Mario Saquij is an adult resident of Baltimore County, Maryland and was employed by Defendants as a laborer from about December 16, 2019 to October 23, 2020. At all relevant times, Mario Saquij was an employee of Defendants, as opposed to an independent contractor, because he was economically dependent on Defendants' business and had no opportunity for profit or loss. Specifically, Defendants exercised a substantial amount of control over Mario Saquij by telling him where to work, what work to do and how to do his work. Also, during the time he was employed by Defendants, Mario Saquij had little or no investment in material or equipment, he worked almost exclusively for Defendants and the work he performed was an integral part of Defendants' business.

4. All Season is incorporated in the State of Maryland and has its principal place of business in Prince George's County, Maryland. All Season provides painting services to residential and commercial customers located in Delaware, New Jersey, Maryland, Virginia and Washington D.C. All Season was Plaintiffs' "employer" as that term is defined within the FLSA and the MWHL because, through its agents, owners and officers, it employed the Plaintiffs, hired them, set the terms and conditions of their employment, supervised them, set their work schedule, disciplined them and paid them their wages. All Season meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203(s)(1)(A)(i), as it, either alone or collectively, has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

5. Mr. Ortiz is an owner, Director, and Officer (Vice President and Secretary) of All Season. He is an employer of Plaintiffs within the meaning of the FLSA and the MWHL because

3

he: (1) is an owner, officer and director of All Season, has functional and operational control over the day-to-day affairs of the company and is significantly involved in its operations; (2) controlled the terms and conditions of Plaintiffs' employment, including determining Plaintiffs' rate of pay, how often they were paid and in what manner; (3) set the Plaintiffs' work schedules and directed Plaintiffs in the performance of their work by communicating with them each day they worked to give them instructions; (4) provided Plaintiffs with the tools and materials necessary to do their work; (5) maintained employment records and signed Plaintiffs' pay checks; (6) controlled the corporate funds used to pay Plaintiffs and had the ability to allocate funds as profits; (7) could discipline the Plaintiffs; and (8) had authority to hire and fire Plaintiffs, and did in fact hire all three of the Plaintiffs; and (8) was responsible for the wage violations at issue in this case.

6. Ms. Ortiz is an owner, President and an Officer (Treasurer) of All Season. She is an employer of Plaintiffs within the meaning of the FLSA and the MWHL because she: (1) is an owner, officer and director of All Season, has functional and operational control over the day-to-day affairs of the company and was significantly involved in its operations; (2) had the ability to control the terms and conditions of Plaintiffs' employment, including determining Plaintiffs' rate of pay, how often they were paid and in what manner. For example, she sometimes sent instructions to Plaintiffs through WhatsApp or by text message and she sometimes showed up on job sites and directed the workers to commence work; (3) maintained employment records and signed Plaintiffs' pay checks and sometimes distributed checks; (4) misclassified Plaintiffs as "independent contractors" to avoid paying them overtime; (5) controlled the corporate funds used to pay Plaintiffs and had the ability to allocate funds as profits; (6) had knowledge of All Seasons' illegal pay practices as they relate to Plaintiffs; and (7) was responsible for the wage violations at issue in this case. Specifically, that Plaintiffs were instructed not to write down the actual hours they worked on their time sheets and

4

instead to only write down 8 hours; (7) could discipline the Plaintiffs; and (8) had authority to hire and fire Plaintiffs.

## JURISDICTION

7. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions and the Court has pendant jurisdiction over the Plaintiffs' state law claims under 28 U.S.C. § 1367 because they are legal and factually related to the Plaintiffs' federal claims.

8. This Court has *in personam* jurisdiction over Defendants because they conduct business in the State of Maryland and because all of the events giving rise to these claims occurred in Maryland.

## STATEMENT OF FACTS

9. In or around October 2019, Defendants hired Victor Saquij as a laborer. Approximately a week later, they hired Oscar Saquij as a laborer. Then, on or about December 16, 2020, they hired Mario Saquij, also as a laborer.

10. Defendants paid Victor Saquij at a daily rate, which ranged from $120.00 to $130.00 per day, and paid Mario Saquij and Oscar Saquij at the rate of $150.00 per day.

11. Plaintiffs regularly worked overtime for the Defendants. Specifically, all three Plaintiffs worked between 5 and 6 days per week. Plaintiffs usually began working at 7:00 a.m. when they arrived at All Season's Glenn Burnie location to load materials and supplies for the day's work. They usually finished their day at 6:00 p.m. or 7:00 p.m. and sometimes even later. On some occasions, Plaintiffs worked on Sundays as well for Defendants doing remodeling work. In those weeks, they worked 7 days a week.

12. The Defendants did not pay Plaintiffs anything additional, beyond the daily rate, for the hours over 40 that Plaintiffs worked in a work week.

13. Defendants did not keep track of Plaintiffs' actual work hours nor did they direct Plaintiffs to do so. In fact, Ms. Ortiz attempted to conceal All Season's illicit pay practices by misclassifying Plaintiffs as independent contractors and maintaining a fraudulent set of time records for All Season employees which showed that the employees, including Plaintiffs, worked only 8 hours per day. In actuality, Plaintiffs regularly worked between 50 and 60 hours per week and sometimes more as did other employees.

14. Plaintiffs were paid part of their wages with a check drawn on All Season's operating, or other, account and part of their wages (usually for the work they did on Saturdays or Sundays) with a separate check.

15. Plaintiffs cannot at this time calculate their damages with precision because they are not in the possession of their time and payroll records. Those records are in the exclusive possession of the Defendants.

## COUNT I

### VIOLATIONS OF THE FLSA
### 29 U.S.C. §§ 201 – 216 (b)

16. Plaintiffs repeat and incorporate by reference all allegations set forth above.

17. At all times relevant to this Complaint, Defendants were employers of the Plaintiffs within the meaning of the FLSA.

18. At all times relevant to this Complaint, all Plaintiffs were employees of the Defendants within the meaning of the FLSA.

19. At all times relevant to this Compliant Plaintiffs were engaged in commerce and/or handled goods that have been moved in commerce, alternatively, Defendants constitute an enterprise engaged in commerce.

20. Defendants violated the FLSA by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for each hour over 40 that they worked in a work week.

21. Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith, making Defendants liable for liquidated damages and making the statute of limitations three years.

22. Defendants are liable to Plaintiffs under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld overtime compensation, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

23. The statute of limitations under the FLSA is three years because the violations were willful. The statutory period for which Defendants are liable to Plaintiffs is as follows:

   a. Oscar Saquij: October 2019 to the conclusion of employment;

   b. Victor Saquij: October 2019 to the conclusion of employment;

   c. Mario Saquij: December 2019 to the conclusion of employment.

## COUNT II

### VIOLATIONS OF THE MWHL
### Md. Code Ann., Lab. & Empl. § 3-420

24. Plaintiffs repeat and incorporate by reference all allegations set forth above.

25. At all times relevant to this Complaint, Defendants were employers of the Plaintiffs within the meaning of the MWHL.

26. At all times relevant to this Complaint, all Plaintiffs were employees of the Defendants within the meaning of the MWHL.

27. Defendants violated the MWHL by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for each hour over 40 that they worked in a work week.

28. Defendants knowingly, willfully and intentionally violated Plaintiffs' rights, under the MWHL and did not act in good faith, making them liable for liquidated damages.

29. As a result, Defendants are liable to Plaintiffs pursuant to the MWHL for their unpaid and illegally withheld overtime wages for the statutory period, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

30. The statute of limitations under the MWHL is three years. The statutory period for which Defendants are liable to Plaintiffs is as follows:

   a. Oscar Saquij: October 2019 to the conclusion of employment;

   b. Victor Saquij: October 2019 to the conclusion of employment;

   c. Mario Saquij: December 2019 to the conclusion of employment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests that this Court grant them the following relief:

   a) enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiffs in the amount of each Plaintiff's respective unpaid and illegally withheld overtime wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

   b) enter a judgment against Defendants, jointly and severally, and in favor of Plaintiffs, based on Defendants' violations of the MWHL in the amount of each Plaintiff's unpaid and illegally withheld overtime wages and an equal sum as liquidated damages;

c)  award Plaintiffs their costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. § 3-427 (a).

Respectfully submitted,

/s/Omar Vincent Melehy
Omar Vincent Melehy
Maryland Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com


/s/Andrew Balashov
Andrew Balashov, MD Bar No.: 19715
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Telephone: (301) 587-6364
Facsimile: (301) 587-6308
Email: abalashov@melehylaw.com

*Attorneys for Plaintiffs*